# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-169V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| ANNETTE EBERHART, | \* | Special Master Corcoran |
|  | \* |  |
| Petitioner, | \* | Filed: July 13, 2017 |
|  | \* |  |
| v. | \* | Decision; Attorney's Fees and Costs. |
|  | \* |  |
| SECRETARY OF HEALTH AND | \* |  |
| HUMAN SERVICES, | \* |  |
|  | \* |  |
| Respondent. | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Joseph T. McFadden*, RawlsMcNelis, PC, Norfolk, VA, for Petitioner.

*Alexis B. Babcock*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On February 4, 2016, Annette Eberhart filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from Guillain-Barré syndrome as a result of her February 7, 2013, receipt of the Tetanus-diphtheria-acellular pertussis vaccine.[2] The parties eventually filed a stipulation for damages on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

January 3, 2017 (ECF No. 17), which I adopted as my decision awarding damages that same day. ECF No. 18.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated June 20, 2017. *See* ECF No. 24 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $50,611.33 (representing $49,473.30 in attorney's fees, plus $1,138.03 in costs). *Id.* In addition, and in accordance with General Order No. 9, Petitioner represents that she incurred $36.69 of separate personal litigation expenses in conjunction with this proceeding. Ex. 29 (ECF No. 24-4). Respondent reacted on July 6, 2017, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 25.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful litigants. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Though Respondent has not lodged an objection to the sum requested, special masters have discretion to determine the reasonableness of a fees award sua sponte. *Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Here, I find some adjustment to the requested amount is warranted.

## I.    Hourly Rates

Petitioner requests reimbursement for the work performed by her attorneys of the RawlsMcNelis firm at varying rates: for Mr. Joseph McFadden, Petitioner requests $350 per hour for 2015 work, $363 per hour for 2016 work, and $376 per hour for 2017 work; for Mr. Ramon

---

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

Rodriguez, Petitioner requests $348 per hour for 2014 work, $361 per hour for 2015 work, and $375 per hour for 2016 work; and for Ms. Elizabeth Muldowney, Petitioner requests $345 per hour for 2016 work. Fees App. at 3. RawlsMcNelis attorneys have previously received forum rates.[4] *See, e.g., Musto v. Sec'y of Health & Human Servs.*, No. 11-801V, 2017 WL 1150797 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Zdroik v. Sec'y of Health & Human Servs.*, No. 15-468V, 2017 WL 767852, at *2 (Fed. Cl. Spec. Mstr. Feb. 3, 2017). Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to their work here.

The hourly rates requested for Mr. Rodriguez properly fall in the rate ranges for someone with his years of experience (especially in the Vaccine Program), and are consistent with rates he has recently been awarded. *See Zdroik*, 2017 WL 767852, at *2. Ms. Muldowney's requested rate of $345 per hour for 2016 work is also within the $300-$375 range that applies to someone with her comparable experience. *See McCulloch*, 2015 WL 5634323, at *19. And Mr. McFadden's requested rates are compatible with the *McCulloch* forum rate ranges. According to the fees application, he has been practicing law for about 33 years. Fees App. at 6. His requested hourly rates are all below the applicable rate ranges for someone with similar years' experience. *See id.*; OSM Hourly Rate Chart 2017. Thus, the requested hourly rates for all three attorneys are appropriate and will not be adjusted.

Petitioner also requests payment for paralegal work at hourly rates ranging from $131 to $145 per hour for work performed from 2014-2017. Fees App. at 3-4. The requested rates are consistent with *McCulloch* and will be awarded. *McCulloch*, 2015 WL 5634323, at *21.

II.   Hours Performed on the Matter

As the billing records reveal, counsel first received this matter in March of 2014 – two years prior to the filing of the petition. Ex. 26 at 2. In total, 140.7 hours out of 205 hours total were spent on this matter prior to filing. *See* Ex. 26 at 1-16 (reflecting work performed prior to filing of petition in February 2016). My overall sense from review of the relevant records is that some of the billing, while not excessive in every instance, was the product of counsel's unfamiliarity with Vaccine Program matters, as well as some inefficiency, rather than due to the complexity of the issues presented. For instance, Mr. McFadden spent 22 hours preparing the eight-page petition

---

[4] While RawlsMcNelis is a Richmond-based firm, it also has locations in Fairfax and Norfolk (which is where Mr. McFadden is specifically located). Other firms in the Program have offices located in different places in the United States (for example, Maglio, Christopher and Toale, P.A.), but the proper rate to be paid to attorneys in different locales has been resolved based upon the office location itself. *See, e.g., Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *4-6 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). Although it has not yet been determined in the Vaccine Program whether Norfolk, Virginia, is "in-forum," I will defer determination of that question at this time, as the rates requested are not unreasonable and Respondent failed to raise any objection. I note, however, that this does not constitute specific approval of these rates for Mr. McFadden and might be reassessed in future decisions.

along with accompanying exhibits, which appears excessive. *See generally* Ex. 26 at 9-16. Further, there are several billing entries revealing that paralegals reviewed the medical records and prepared a medical chronology, in addition to several billing entries indicating large amounts of time spent by the attorneys reviewing those same medical records. *See, e.g.,* Ex. 26 at 7-9. This appears to be duplicative and unnecessary, as the medical records filed in this case were not overly burdensome.

There is no doubt that the successful settlement of a case can require attorney labor. The fact that a case is settled not long after filing, or without the need for protracted proceedings, does not mean that reasonable attorney time devoted to its resolution should not be compensated. But in this case, the billing records suggest that some excessive time was devoted to the claim's preparation. In similar circumstances (and where it appeared counsel was over-deliberate in preparing a case that ultimately settled), I have cut back attorney time recoverable. *See, e.g., Hudson v. Sec'y of Health & Human Servs.*, No. 15-114V, 2016 WL 3571709 (Fed. Cl. Spec. Mstr. June 3, 2016). I will do so here as well. Based on my overall view that the amount of hours spent on this case was somewhat excessive (particularly prior to filing), I find that a 30 percent reduction to the total amount of attorney's fees awarded is appropriate. Therefore, I will award $34,631.31 in attorney's fees.

III.   Litigation Costs

Petitioner also requests $1,138.03 in litigation costs for copying, filing fees, and similar charges incurred by RawlsMcNelis. Ex. 27 at 1-2. Respondent does not object to these costs as unreasonable, and upon review, I find that they are acceptable and therefore award this sum.

Finally, Petitioner requests $36.69 in personal costs that she separately incurred in connection with this litigation. Ex. 28. I find this amount to be reasonable and will also award it in full.

**CONCLUSION**

Accordingly, and in the discretion afforded to me, I hereby **GRANT IN PART** Petitioner's motion for attorney's fees and costs. An award of **$35,769.34** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Joseph T. McFadden, Esq. I separately award the amount of **$36.69** to Annette Eberhart for reimbursement of her personal costs associated with this matter. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.